UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARY WEST, *on behalf of herself and all others similarly situated*,

                               Plaintiff,

    -v-

BELL & ROSS INC.,

                               Defendant.
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2020

20-CV-3775 (JPC)

<u>ORDER</u>

JOHN P. CRONAN, United States District Judge:

On May 15, 2020, Plaintiff filed her Complaint. (Dkt. 1.) On June 11, 2020, Plaintiff filed an Affidavit of Service reflecting that the Complaint was served on Defendant Bell & Ross, Inc. on May 26, 2020 "VIA DROP BOX." (Dkt. 5.) On December 14, 2020, Plaintiff filed a proposed Clerk's Certificate of Default. (Dkt. 10.)

Rule 4 of the Federal Rules of Civil Procedure allows a plaintiff to serve a corporation by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h).

Under New York law, service can be made by personally delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1); *Obot v. Citibank S. Dakota, N.A.*, 347 F. App'x 658, 659 (2d Cir. 2009) ("Section 311(a)(1) requires that

personal service be made on a corporation's officer or agent."). Service can also be made via mail, but this must be done by sending via "first class mail, postage prepaid, a copy of the summons and complaint, . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." N.Y. C.P.L.R. § 312-a. Under that provision, service is not complete until a signed acknowledgement of receipt is mailed back to the sender. *Id.* § 312-a(b). Finally, service can be accomplished through a registered agent. *See* N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306.

It is hereby ORDERED that by December 21, 2020, Plaintiff shall file a letter with the Court explaining why service of process via a drop box in this case was proper under Rule 4 of the Federal Rules of Civil Procedure. It is further ORDERED that the December 14, 2020 deadline to file for default judgment is ADJOURNED *sine die*.

SO ORDERED.

Dated: December 16, 2020
New York, New York

JOHN P. CRONAN
United States District Judge