UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                :
MARY WEST, *on behalf of herself and all others*    :
*similarly situated*,                                       :

                          Plaintiff,            :            20-CV-3775 (JPC)

                -v-                  :            <u>ORDER</u>

BELL & ROSS INC.,                           :

                        Defendant.       :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On May 15, 2020, Plaintiff filed her Complaint. (Dkt. 1.) On June 11, 2020, Plaintiff filed an Affidavit of Service reflecting that the Summons and Complaint were served on Defendant Bell & Ross, Inc. on May 26, 2020 "VIA DROP BOX." (Dkt. 5.) On December 14, 2020, Plaintiff filed a proposed Clerk's Certificate of Default. (Dkt. 10.) On December 16, 2020, the Court ordered Plaintiff to file a letter explaining why service of process via a drop box was proper under Rule 4 of the Federal Rules of Civil Procedure. (Dkt. 12.) On December 21, 2020, Plaintiff filed a letter contending that service was proper because Plaintiff served CT Corporation System, the registered agent for Defendant, using CT Corporation System's elected method of service, *i.e.*, a drop box, which was designed to avoid personal contact in light of the COVID-19 pandemic. (Dkt. 13.)

      As is relevant here, Rule 4 of the Federal Rules of Civil Procedure allows a plaintiff to serve a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h). Under New York law, service can be made by personally delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other

agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). New York law further provides that "[s]ervice of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant." N.Y. Bus. Corp. Law § 306; N.Y. C.P.L.R. § 311(a)(1). While New York law also allows for service via mail, it imposes certain procedural requirements, and requires that the plaintiff mail a copy of the summons and complaint via "first class mail, postage prepaid, . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." N.Y. C.P.L.R. § 312-a. Under that provision, service is not complete until a signed acknowledgement of receipt is mailed back to the sender. *Id.* § 312-a(b).

The Court understands from Plaintiff's Affidavit of Service and supplemental letter that the Summons and Complaint in this case were not delivered upon an individual, and were instead placed into a drop box at the entrance of the registered agent's place of business. (*See* Dkts. 5, 13.) But the New York service of process provisions outlined above contemplate that service be made upon an individual or by mail with the satisfaction of various conditions. *See* N.Y. C.P.L.R. §§ 311(a)(1), 312-a; N.Y. Bus. Corp. Law § 306; *see also Obot v. Citibank S. Dakota, N.A.*, 347 F. App'x 658, 659 (2d Cir. 2009) ("Section 311(a)(1) requires that personal service be made on a corporation's officer or agent."). Personal service and service by mail confirmed by a signed acknowledgement receipt allow the Court to have confidence that a summons and complaint were in fact properly served, and that the defendant has notice of the suit.

While the Court appreciates the challenges posed by the pandemic and the desire to reduce personal contact, it does not appear that service in this case was proper, as service was neither personal nor were the Summons and Complaint properly mailed under New York law. To the extent Plaintiff contends that service was proper because the registered agent in essence waived

personal service by directing service via the drop box, Plaintiff does not point to anything in the state or federal rules or relevant case law to support this contention. Rule 4(d) of the Federal Rules of Civil Procedure outlines a specific method for waiving service of a summons, which Plaintiff did not follow in this case. And while Rule 5(b)(2)(F) allows for service of papers and pleadings after the filing of the original complaint to be delivered "by any other means that the person consented to in writing," the Court is not aware of—nor has Plaintiff pointed to—any equivalent language for service under Rule 4 or pursuant to the New York service of process rules.

In light of the above, the Court cannot have confidence that Defendant has had proper notice of the Summons and Complaint under Rule 4 and New York law, such that the issuance of a Certificate of Default would be appropriate. The Court will, however, allow Plaintiff an additional 60 days from the date of this Order to serve the Summons and Complaint pursuant to Rule 4 and New York law, and to file proof of such service on the docket.

SO ORDERED.

Dated: February 1, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge